# STATE OF VERMONT
## VERMONT ENVIRONMENTAL COURT

Kibbe Building Permit                                          Docket No. 173-8-07 Vtec
Kibbe Non-Enforcement Decision                                Docket No. 159-7-08 Vtec
Kibbe Subdivision Amendment                                   Docket No. 198-9-08 Vtec

### Entry Order

Judge Merideth Wright held a conference and motion hearing by telephone in these three matters on November 24, 2008, recorded on audio tape. At an earlier conference, on October 6, 2008, the parties agreed to place Docket No. 159-7-08 Vtec on inactive status until the other matters are resolved; the Court ordered mediation and set a schedule for it in Docket No. 198-9-08 Vtec. Appellant filed a restatement of the Statement of Questions on October 20, 2008, renumbering and setting out five questions; Appellee-Applicants moved to dismiss Questions 1 through 4 on October 31, 2008. Appellant responded to that motion on November 20, 2008.

In Docket No. 173-8-07 Vtec, involving the building permit for the proposed house, garage, and septic system construction, the Court issued its decision on November 6, 2008. Appellant Lamb filed a post-judgment motion for reconsideration of that decision on November 17, 2008; at the time of the conference a response to that motion had not yet been filed. On November 21, 2008, Appellee-Applicants Kibbe moved to be relieved from the order to mediate in Docket No. 198-9-08 Vtec.

As discussed at the conference, the parties are neighboring landowners; the issues they may have with each other arising out of that fact may go beyond the scope of the litigation before this court. Mediation provides a valuable mechanism by which the parties may be able to understand those issues and to reach a resolution beyond the scope of these three cases and beyond the scope of this court to supervise into the future after the resolution of these cases. The Town is only a party for the purposes of interpretation of the Town's ordinances, not to take an active role on the merits of the application or the appeal. Accordingly, mediation will still be required in Docket No. 198-9-08 Vtec, and the parties should make the mediator aware of the issues in the other two cases, so that any potential for resolution of all the litigation may be discussed.

It will assist the parties and the mediator to have a ruling on the scope of Docket No. 198-9-08 Vtec; the motion is ripe for decision. The issues before the Planning Commission flow from Appellee-Applicants' application for an amendment to the final subdivision plat for a revised location of the septic system and house. Issues as to whether such a revision is or is not required are before the Court, and, if the Court disagrees with the Planning Commission and concludes that such an amendment is required, the merits of the new locations for the house and septic system, under the final plat approval standards, are also before the Court in this appeal. On the other hand, because this appeal is <u>de novo</u>, Restated Question 1, involving whether the Planning Commission's decision was consistent with its regulations and past practices, is not before the Court. Accordingly, Question 1 of the Restated Statement of Questions is hereby DISMISSED; Questions 2 through 5 remain as the scope of this appeal.

Pursuant to the provisions of Rule 2(d) of the Vermont Rules for Environmental Court Proceedings (V.R.E.C.P.), it is hereby ORDERED that Appellee-Applicants Kibbe's motion to be relieved from the order to mediate in Docket No 198-9-08 Vtec is DENIED. The parties have already chosen a mediator; mediation is to be completed, and a report of the results of the mediation submitted to the Court, by January 7, 2009.

The Court will rule on the motion for reconsideration in Docket No. 173-8-07 Vtec after any responses have been filed or the time for their filing has expired.

If any changes in this schedule become necessary, the parties shall discuss the proposed changes with each other before presenting them to the Court.


_____      _____

Merideth Wright                         Date
Environmental Judge